**Guttilla Murphy Anderson**
**Ryan W. Anderson** (Ariz. No. 020974)
**Alisan M. B. Patten** (Ariz. No. 009795)
5415 E. High St., Suite 200
Phoenix, Arizona 85054
Email: randerson@gamlaw.com
Email: apatten@gamlaw.com
Phone: (480) 304-8300
Fax: (480) 304-8301

Attorneys for Trudy A. Nowak, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Case No. 4:16-bk-07235-BMW |
| Dimitri Rozenman, | Chapter 7 |
| Debtor. | **TRUSTEE'S MOTION FOR BANKRUPTCY RULE 2004 EXAMINATION OF ARKADY VIKENTIEV AND PRODUCTION OF DOCUMENTS** |

Trudy A. Nowak, Chapter 7 trustee herein ("Trustee"), by and through her undersigned attorneys, moves this Court for an order directing Arkady Vikentiev to appear for examination under oath pursuant to Rule 2004, Fed.R.Bankr.P. at the law offices of Guttilla Murphy Anderson, 5415 E. High Street, Ste. 200, Phoenix, Arizona 85054, at a date and time agreeable to the parties, or, if upon written notice, after not less than twenty-eight (28) days' notice and directing the production of documents set forth in the attached Exhibit "A," on a date and time agreeable to the parties or, if upon written notice, after not less than twenty-one (21) days' notice, and at least ten (10) business days prior to the examination.

This motion is supported by the Court's record and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Dimitri Rozenman ("Debtor") filed a voluntary Chapter 7 Petition on June 24, 2016 ("Petition Date"). Trudy A. Nowak is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

According to the public records of the Arizona Corporation Commission, Debtor is the sole member of the following limited liability companies: Atlantic Cigar, LLC; Cigar Warehouse, LLC; Cigar Warehouse East, LLC; Cigar Warehouse Mesa, LLC; Cigar Warehouse Tucson, LLC; Cigar Warehouse West, LLC; TNT Cigars.Com, LLC; and 1040 E. Camelback, LLC.

According to the public records of the Arizona Corporation Commission, Debtor is one of three members in 2826 E. Baseline, LLC.

The Trustee wishes to conduct an examination under oath of Arkady Vikentiev on the following: (1) issues with respect to the acts, conduct, or property of the Debtor or the bankruptcy estate; (2) issues with respect to the liabilities and financial condition of the Debtor; (3) issues with respect to the assets of the bankruptcy estate or the Debtor; (4) issues with respect to previously disposed assets or previously satisfied obligations of the Debtor; and (5) with respect to any matter which may affect the administration of the Debtor's bankruptcy estate or right to a discharge.

Bankruptcy Rule 2004(a) provides, in pertinent part, that "[o]n motion of any party in interest, the court may order the examination of any entity." *See* 11 U.S.C. § 101(15). Bankruptcy Rule 2004(b) states that the examination may relate to, among other things, ". . . the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." The Trustee has standing to obtain the information sought by this motion.

The scope of a Rule 2004 examination is "unfettered and broad" as the wording of the Rule indicates. *See 9 Collier on Bankruptcy* ¶ 2004.02 [1] at 2004-6 (15th ed. Rev. 2001) (*quoting In re*

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

*Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985)). Indeed, the scope of a Rule 2004 examination is far broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. *In re Lang*, 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989). Examinations under Rule 2004 may include within their scope, among many other things, any matter which may affect the administration of the debtor's estate. *In re Brazemore*, 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1998).[1] In fact, the well-settled scope of discovery conducted under Rule 2004 is so fundamental to the process, and permissibly broad, that courts have gone so far as to use with approval phrases such as "fishing expedition" to describe Rule 2004 examinations. *See*, *e.g.*, *In re Drexell Burnham Lambert Group*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (Bankr. S.D.N.Y. 1984).

Rule 2004 examinations may be used to evaluate the existence of the availability of assets of the estate. *See In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (Bankr. S.D.N.Y. 1983), *aff'd In re Ionosphere Clubs, Inc.*, 17 F.3d 600 (2nd Cir. 1994) ("[b]ecause the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third-party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation."); *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) ("The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" (Citation omitted.) ). In addition, Rule 2004 examinations may be used by a party to evaluate the existence of potential claims belonging to a debtor's estate, primarily because claims of the debtors are considered assets of the estate. *See In re Table Talk, Inc.*, 51 B.R. 143, 146 (Bankr. D. Mass. 1985) (authorizing Rule 2004 examination to discover if the estate had a cause of

---

[1] The Court in *In re Ginzburg*, 517 B.R. 175 (Bankr. C.D. Ca. 2014), held that the analysis used by the Court, in *Brazemore*, regarding application of the attorney-client privilege should no longer be utilized in light of the holding in *Swindler & Berlin v. United States*, 524 U.S. 399, 118 S. Ct. 2081(1998). However, that issue has no application to this motion.

1  action against a party because "[w]ere such a suit to exist, it would properly be considered a
2  potential asset of the estate").

3  By this motion, the Trustee seeks to obtain critical information from Arkady Vikentiev
4  related to the "acts, conduct, or property or to the liability or financial condition" of the Debtor.
5  Consequently, the information Trustee seeks is within the proper scope of Rule 2004 discovery.

**REQUESTED DISCOVERY**

**Definitions:**

Unless defined elsewhere, capitalized terms have the following meanings:

(a) <u>Communication</u>: Means and includes, without limitation, statements, discussions, negotiations, conversations, speeches, meetings, remarks, questions, answers, panel discussions, and symposia, whether written or oral. The term includes both communications and statements which are face-to-face and those which are transmitted by media such as intercom, telephone, televisions, radio, modem or electronic mail.

(b) <u>Debtor</u>: Means Dimitri Rozenman.

(c) <u>Document</u>: Includes any contracts, agreements, communications, correspondence, memoranda, summaries, notes, records, reports, studies, books, summaries, writings, summaries or records of telephone conversations or electronic mail messages, summaries or records of personal conversations or interviews, summaries or records of negotiations, diaries, telegrams, minutes or records of meetings or conferences, calendars, forecasts, work papers and all drafts (of whatever date), journals, file folders, ledgers, accounts, appraisals, bills, invoices; checks, statements, inter-office or intra-office communications, electronic mail messages, bulletins, brochures, pamphlets, circulars, trade letters, printed matter including newspapers, magazines and other publications, and articles and clippings therefrom, advertisements, press releases, teletypes, telecopies, facsimiles, lists, language translations, transcriptions, computer printouts, disks or tapes, graphs, charts, drawings, photographs, film, other recordings, audio or video tapes, microfiche, microfilm, and other data compilations from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. Any draft, copy, amendment, alteration, or modification of any document which differs in any respect from the original or final document, whether in words, numbers, punctuation, date, length or format, or by reason of notations, annotations, comments or other markings thereon, or otherwise, is a separate document. Where only part of a document relates to a subject of a request of production of documents, the entire document is requested. When a document is within the scope of a request for production of documents, all amendments, riders, drafts, attachments, exhibits thereto, and all other documents which were ever physically attached to such documents, by any means, are also requested. When an amendment, rider,

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

attachment or exhibit to a document is within the scope of a request for production of documents, the document, and all other amendments, riders, attachments, exhibits thereto, and all drafts of any of them, are also requested. If a photograph, film, computer disk or tape, video tape, or audio tape, or any part of any of them comes within the scope of a request for production of documents, all other photographs and the rest of the film taken on the same roll of film of such photograph or film, and the entire computer disk or tape, video tape and audio tape are requested, as are any inexact duplicates of any such photograph, film, disk or tape, including, without limitation, all enlargements, enhancements, and the like. Written voice recorded notes, measurements, and dictations for later transcription for review are within the definition of documents in this Request.

(d) <u>Petition Date</u>: Means June 24, 2016.

(e) <u>Production</u>: And like terms mean to bring documents or other things as requested herein to the place or places and at the dates and times stated in this Motion or later in a notice and then and there to make such documents or things available for copying and inspection by Trustee and Trustee's attorneys.

(f) <u>Relating to/Relates to</u>: Means showing, evidencing or pertaining to.

(g) <u>Request</u>: Means this Document Request and any numbered request for production of documents set forth below, as the context requires.

(h) <u>Any/all, and/or, singular/plural, gender</u>: The singular includes the plural and vice versa. The use of any gender includes the masculine, feminine and neuter genders. The use of the disjunctive "or" includes the conjunctive "and", and vice versa.

**Instructions:**

(a) <u>Possession, Custody or Control</u>: If any document within the scope of this Request are within the possession, custody or control of your agents, employees, attorneys, representatives or any other person over which you have control, or you have a right of possession or production over any documents within the scope of this Request, the Request requires the production of such documents.

(b) <u>Time Period/Supplementation</u>: Unless otherwise indicated, all documents requested herein are for the time period from the time your association with the Debtors began to the present.

(c) <u>Organization of Production</u>: You shall produce the documents requested as they are kept in the usual course of business or produce and label documents produced to correspond with the categories in this Request.

(d) <u>Non-production</u>: If you do not comply completely with any request for production of documents, upon asserted grounds of any privilege or otherwise, you are to provide, in lieu of production, the following with respect to each withheld document:

(1) A description of the document, including the author or authors, the addressee, title of the document, the date it was created, its present location and the identity of its custodian, and the subject or subjects of the document;

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

(2) All grounds upon which production is declined; and

(3) If any privilege is asserted, (i) identify all the privileges claimed and all holders thereof; (ii) set forth all facts necessary or material for the Court to rule upon the assertion of privilege; and (iii) provide a statement identifying all persons who have seen the document, and the positions and capacities of all addressees.

WHEREFORE, the Trustee respectfully requests that this Court enter an order directing Arkady Vikentiev to appear for an examination under oath and directing the production of the documents identified in the attached Exhibit "A" within the time period noted in the first paragraph of this motion, and for such other and further relief as may be appropriate.

Respectfully submitted this 29th day of August, 2016.

GUTTILLA MURPHY ANDERSON

*/s/ Alisan M. B. Patten*
Alisan M. B. Patten
Ryan W. Anderson
Attorneys for the Chapter 7 Trustee

Copy of the foregoing mailed
on August 29, 2016, to:

Dimitri Rozenman
ASPC Tucson, Unit Santa Rita
Inmate #253132 - 2D-4
P.O. Box 24406
Tucson, AZ 85734
Debtor

Kenneth W. Schutt, Jr.
Schutt Law Firm, PLC
9375 E. Shea Blvd., Suite 100
Scottsdale, AZ 85260
Counsel for the Debtor
Statutory Agent for:
Atlantic Cigar, LLC;
Cigar Warehouse, LLC;
Cigar Warehouse East, LLC;
Cigar Warehouse Tucson, LLC;
Cigar Warehouse West, LLC;
TNT Cigars.Com, LLC; and
1040 E. Camelback, LLC

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

1

2  Victoriya Anthony
   9375 E. Shea Blvd. Ste 100
3  Phoenix, AZ 85008
   Statutory Agent for Cigar Warehouse Mesa, LLC

4
   Viktoriya Anthony
5  4040 E. McDowell Ste. 113
   Phoenix, AZ 85008
6  Statutory Agent for
   2826 E. Baseline, LLC

7
   Howard C. Meyers
8  Meyers Law, PLLC
   111 W. Monroe Street, Suite 1700
9  Phoenix, AZ 85003
   Attorney for Jana Sampson

10
   Arkady Vikentiev
11 8721 Santa Monica Blvd., Suite 745
   West Hollywood, CA 90069

12
   Arkady Vikentiev
13 c/o Schutt Law Firm
   8937 E. Bell Road, #100
14 Scottsdale, AZ 85260

15 Office of the United States Trustee
   230 N. First Ave., Suite 204
16 Phoenix, AZ 85003-1706

17   */s/ M. Kay Lucas*
   2332-001(255301)
18

19

20

21

22

23

24

# EXHIBIT "A"

## DOCUMENTS TO BE PRODUCED:

1. Complete copy of any and all written agreements including any attachments, exhibits and amendments, between Arkady Vikentiev and Debtor dated within five years immediately preceding June 24, 2016.

2. Complete copy of any and all Promissory Notes (including any attachments, exhibits and amendments), or any other document, reflecting the indebtedness of Debtor to Arkady Vikentiev signed by Debtor within five years immediately preceding June 24, 2016.

3. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Arkady Vikentiev, by Debtor, in any property or any assets of Atlantic Cigars, LLC, or in any interest of Debtor in Atlantic Cigars, LLC.

4. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Arkady Vikentiev, by Debtor, in any property or any assets of Cigar Warehouse, LLC, or in any interest of Debtor in Cigar Warehouse, LLC.

5. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Arkady Vikentiev, by Debtor, in any property or any assets of Cigar Warehouse East, LLC, or in any interest of Debtor in Cigar Warehouse, LLC.

6. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Arkady Vikentiev, by Debtor, in any property or any assets of Cigar Warehouse Mesa, LLC, or in any interest of Debtor in Cigar Warehouse Mesa, LLC.

7. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Arkady Vikentiev, by Debtor, in any property or any assets of Cigar Warehouse Tucson, LLC, or in any interest of Debtor in Cigar Warehouse Tucson, LLC.

8. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Arkady Vikentiev, by Debtor, in any property or any assets of Cigar Warehouse West, LLC, or in any interest of Debtor in Cigar Warehouse West, LLC.

9. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Arkady Vikentiev, by Debtor, in any property or assets of TNT Cigars, LLC, or in any interest of Debtor in TNT Cigars, LLC.

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

10. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Arkady Vikentiev, by Debtor, in any property or assets of TNT Cigars.Com, LLC, or in any interest of Debtor in TNT Cigars, LLC.

11. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Arkady Vikentiev, by Debtor, in any property or assets of 1040 E. Camelback, LLC, or in any interest of Debtor in 1040 E. Camelback, LLC.

12. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Arkady Vikentiev, by Debtor, in any property or assets of 2826 E. Baseline, LLC, or in any interest of Debtor in 2826 E. Baseline, LLC.

13. Complete copy of any Operating Agreement, including amendments, provided to Arkady Vikentiev by Debtor or any other person, or entity, for Atlantic Cigars, LLC.

14. Complete copy of any Operating Agreement, including amendments, provided to Arkady Vikentiev by Debtor or any other person, or entity, for Cigar Warehouse, LLC.

15. Complete copy of any Operating Agreement, including amendments, provided to Arkady Vikentiev by Debtor or any other person, or entity, for Cigar Warehouse East, LLC.

16. Complete copy of any Operating Agreement, including amendments, provided to you by Debtor or any other person, or entity, for Cigar Warehouse Mesa, LLC.

17. Complete copy of any Operating Agreement, including amendments, provided to Arkady Vikentiev by Debtor or any other person, or entity, for Cigar Warehouse Tucson, LLC.

18. Complete copy of any Operating Agreement, including amendments, provided to Arkady Vikentiev by Debtor or any other person, or entity, for Cigar Warehouse West, LLC.

19. Complete copy of any Operating Agreement, including amendments, provided to Arkady Vikentiev by Debtor or any other person, or entity, for TNT Cigars, LLC.

20. Complete copy of any Operating Agreement, including amendments, provided to Arkady Vikentiev by Debtor or any other person, or entity, for TNT Cigars.Com, LLC.

21. Complete copy of any Operating Agreement, including amendments, provided to Arkady Vikentiev by Debtor or any other person, or entity, for 1040 E. Camelback, LLC.

22. Complete copy of any Operating Agreement, including amendments, provided to Arkady Vikentiev by Debtor or any other person, or entity, for 2826 E. Baseline, LLC.

23. A complete copy of any and all checks, wire transfers, or any other documents evidencing the transfer of funds by KV-9, LLC to Debtor or to any of the following entities: Atlantic

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

Cigars, LLC; Cigar Warehouse, LLC; Cigar Warehouse East, LLC; Cigar Warehouse Mesa, LLC; Cigar Warehouse Tucson, LLC; Cigar Warehouse West, LLC; TNT Cigars, LLC; TNT Cigars.Com, LLC; 1040 E. Camelback, LLC; and 2826 E. Baseline, LLC.

24. A complete copy of the portion of the books and records of Arkady Vikentiev reflecting payment to Arkady Vikentiev made toward the reduction of indebtedness owed by Debtor or by any of the following entities: Atlantic Cigars, LLC; Cigar Warehouse, LLC; Cigar Warehouse East, LLC; Cigar Warehouse Mesa, LLC; Cigar Warehouse Tucson, LLC; Cigar Warehouse West, LLC; TNT Cigars, LLC; TNT Cigars.Com, LLC; 1040 E. Camelback, LLC; and 2826 E. Baseline, LLC.

25. A complete copy of all documents including, but not limited to, emails, texts, and correspondence, between Debtor and any employee, officer, director, or shareholder of Arkady Vikentiev discussing the lending of funds, or any loan of funds, by Arkady Vikentiev to Debtor or to any of the following entities: Atlantic Cigars, LLC; Cigar Warehouse, LLC; Cigar Warehouse East, LLC; Cigar Warehouse Mesa, LLC; Cigar Warehouse Tucson, LLC; Cigar Warehouse West, LLC; TNT Cigars, LLC; TNT Cigars.Com, LLC; 1040 E. Camelback, LLC; and 2826 E. Baseline, LLC.

26. A complete copy of any document reflecting the full, or complete, repayment of any loan made by Arkady Vikentiev to Debtor or to any of the following entities: Atlantic Cigars, LLC; Cigar Warehouse, LLC; Cigar Warehouse East, LLC; Cigar Warehouse Mesa, LLC; Cigar Warehouse Tucson, LLC; Cigar Warehouse West, LLC; TNT Cigars, LLC; TNT Cigars.Com, LLC; 1040 E. Camelback, LLC; and 2826 E. Baseline, LLC.

27. A complete copy of any document reflecting the cancellation, or reduction, of any indebtedness owed to Arkady Vikentiev by Debtor or by any of the following entities: Atlantic Cigars, LLC; Cigar Warehouse, LLC; Cigar Warehouse East, LLC; Cigar Warehouse Mesa, LLC; Cigar Warehouse Tucson, LLC; Cigar Warehouse West, LLC; TNT Cigars, LLC; TNT Cigars.Com, LLC; 1040 E. Camelback, LLC; and 2826 E. Baseline, LLC.

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300