**Guttilla Murphy Anderson**
**Ryan W. Anderson** (Ariz. No. 020974)
**Alisan M. B. Patten** (Ariz. No. 009795)
5415 E. High St., Suite 200
Phoenix, Arizona 85054
Email: randerson@gamlaw.com
Email: apatten@gamlaw.com
Phone: (480) 304-8300
Fax: (480) 304-8301

Attorneys for Trudy A. Nowak, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Dimitri Rozenman,<br><br>    Debtor. | Case No. 4:16-bk-07235-BMW<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION FOR BANKRUPTCY RULE 2004 EXAMINATION OF KENNETH SCHUTT AND PRODUCTION OF DOCUMENTS** |

Trudy A. Nowak, Chapter 7 trustee herein ("Trustee"), by and through her undersigned attorneys, moves this Court for an Order directing Kenneth Schutt to appear for examination under oath pursuant to Rule 2004, Fed.R.Bankr.P. at the law offices of Guttilla Murphy Anderson, 5415 E. High Street, Ste. 200, Phoenix, Arizona 85054, at a date and time agreeable to the parties, or, if upon written notice, after not less than twenty-eight (28) days' notice and directing the production of documents set forth in the attached Exhibit "A," on a date and time agreeable to the parties or, if upon written notice, after not less than twenty-one (21) days' notice, and at least ten (10) business days prior to the examination.

This motion is supported by the Court's record and the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Dimitri Rozenman ("Debtor") filed a voluntary Chapter 7 Petition on June 24, 2016

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

("Petition Date"). Trudy A. Nowak is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

Kenneth Schutt is identified as a secured creditor in Debtor's Schedule D (*see* Court Docket Entry "CDE" No. 10) in connection with four separate debts, as follows:[1]

Schedule D, Item: 2.5
Secured Creditor: Kenneth Schutt
Address: 9375 E. Shea Blvd., Ste. 100, Scottsdale, AZ 85260-6986
Property that secures thee claim: TNT Cigars, LLC
Amount of claim: $0.00
Value of collateral that supports claim: $2,000.00
Date debt was incurred: 2013
Nature of lien: An agreement
Who owes the debt: Debtor only

Schedule D, Item: 2.6
Secured Creditor: Kenneth Schutt
Address: 9375 E. Shea Blvd., Ste. 100, Scottsdale, AZ 85260-6986
Property that secures thee claim: 1040 E. Camelback, LLC
Amount of claim: $0.00
Value of collateral that supports claim: $250,000.00
Date debt was incurred: 2013
Nature of lien: An agreement
Who owes the debt: Debtor only

Schedule D, Item: 2.7
Secured Creditor: Kenneth Schutt
Address: 9375 E. Shea Blvd., Ste. 100, Scottsdale, AZ 85260-6986
Property that secures thee claim: Atlantic Cigars, LLC
Amount of claim: $0.00
Value of collateral that supports claim: $200,000.00
Date debt was incurred: 2013
Nature of lien: An agreement
Who owes the debt: Debtor only

Schedule D, Item: 2.8
Secured Creditor: Kenneth Schutt

---

[1] Kenneth Schutt also is identified as Debtor's attorney in the *Disclosure of Compensation of Attorney for Debtor* (*see* CDE No. 10), which is signed by Kenneth Schutt of Schutt Law Firm, PLC. According to the Bankruptcy Docket in this case, Kenneth W. Schutt, Jr. of Schutt Law Firm, PLC 9375 E. Shea Blvd., Suite 100, Scottsdale AZ 85260 is Debtor's attorney.

In section 5(d), of the *Disclosure of Compensation of Attorney for Debtor,* Kenneth Schutt stated: "I have agreed to render legal service for all aspects of the bankruptcy case, including: filing of Petition. Due to disclosed conflict of interest, Attorney will be withdrawing."

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

    Address: 9375 E. Shea Blvd., Ste. 100, Scottsdale, AZ 85260-6986
    Property that secures thee claim: 2826 E. Baseline, LLC
    Amount of claim: $0.00
    Value of collateral that supports claim: $760,000.00
    Date debt was incurred: 2013
    Nature of lien: An agreement
    Who owes the debt: Debtor only

According to the public records of the Arizona Corporation Commission, Debtor is the sole member of the following limited liability companies: TNT Cigars.com, LLC; 1040 E. Camelback, LLC; and Atlantic Cigar, LLC. According to the public records of the Arizona Corporation Commission, Debtor is one of three members in 2826 E. Baseline, LLC.

The Trustee wishes to conduct an examination under oath of Kenneth Schutt, in his capacity as an alleged secured creditor of Debtor, on the following: (1) issues with respect to the acts, conduct, or property of the Debtor or the bankruptcy estate; (2) issues with respect to the liabilities and financial condition of the Debtor; (3) issues with respect to the assets of the bankruptcy estate or the Debtor; (4) issues with respect to previously disposed assets or previously satisfied obligations of the Debtor; and (5) with respect to any matter which may affect the administration of the Debtor's bankruptcy estate or right to a discharge.

Bankruptcy Rule 2004(a) provides, in pertinent part, that "[o]n motion of any party in interest, the court may order the examination of any entity." *See* 11 U.S.C. § 101(15). Bankruptcy Rule 2004(b) states that the examination may relate to, among other things, ". . . the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." The Trustee has standing to obtain the information sought by this motion.

The scope of a Rule 2004 examination is "unfettered and broad" as the wording of the Rule indicates. *See 9 Collier on Bankruptcy* ¶ 2004.02 [1] at 2004-6 (15th ed. Rev. 2001) (*quoting In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985)). Indeed, the scope of a Rule 2004

examination is far broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. *In re Lang*, 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989). Examinations under Rule 2004 may include within their scope, among many other things, any matter which may affect the administration of the debtor's estate. *In re Brazemore*, 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1998).[2] In fact, the well-settled scope of discovery conducted under Rule 2004 is so fundamental to the process, and permissibly broad, that courts have gone so far as to use with approval phrases such as "fishing expedition" to describe Rule 2004 examinations. *See*, *e.g.*, *In re Drexell Burnham Lambert Group*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (Bankr. S.D.N.Y. 1984).

Rule 2004 examinations may be used to evaluate the existence of the availability of assets of the estate. *See In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (Bankr. S.D.N.Y. 1983), *aff'd In re Ionosphere Clubs, Inc.*, 17 F.3d 600 (2nd Cir. 1994) ("[b]ecause the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third-party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation."); *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) ("The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" (Citation omitted.) ). In addition, Rule 2004 examinations may be used by a party to evaluate the existence of potential claims belonging to a debtor's estate, primarily because claims of the debtors are considered assets of the estate. *See In re Table Talk, Inc.*, 51 B.R. 143, 146 (Bankr. D. Mass. 1985) (authorizing Rule 2004 examination to discover if the estate had a cause of action against a party because "[w]ere such a suit to exist, it would properly be considered a

---

[2] The Court in *In re Ginzburg*, 517 B.R. 175 (Bankr. C.D. Ca. 2014), held that the analysis used by the Court, in *Brazemore*, regarding application of the attorney-client privilege should no longer be utilized in light of the holding in *Swindler & Berlin v. United States*, 524 U.S. 399, 118 S. Ct. 2081(1998). However, that issue has no application to this motion.

potential asset of the estate").

By this motion, the Trustee seeks to obtain critical information from Kenneth Schutt related to the "acts, conduct, or property or to the liability or financial condition" of the Debtor. Consequently, the information Trustee seeks is within the proper scope of Rule 2004 discovery.

## REQUESTED DISCOVERY

**Definitions:**

Unless defined elsewhere, capitalized terms have the following meanings:

(a) Communication: Means and includes, without limitation, statements, discussions, negotiations, conversations, speeches, meetings, remarks, questions, answers, panel discussions, and symposia, whether written or oral. The term includes both communications and statements which are face-to-face and those which are transmitted by media such as intercom, telephone, televisions, radio, modem or electronic mail.

(b) Debtor: Means Dimitri Rozenman.

(c) Document: Includes any contracts, agreements, communications, correspondence, memoranda, summaries, notes, records, reports, studies, books, summaries, writings, summaries or records of telephone conversations or electronic mail messages, summaries or records of personal conversations or interviews, summaries or records of negotiations, diaries, telegrams, minutes or records of meetings or conferences, calendars, forecasts, work papers and all drafts (of whatever date), journals, file folders, ledgers, accounts, appraisals, bills, invoices; checks, statements, inter-office or intra-office communications, electronic mail messages, bulletins, brochures, pamphlets, circulars, trade letters, printed matter including newspapers, magazines and other publications, and articles and clippings therefrom, advertisements, press releases, teletypes, telecopies, facsimiles, lists, language translations, transcriptions, computer printouts, disks or tapes, graphs, charts, drawings, photographs, film, other recordings, audio or video tapes, microfiche, microfilm, and other data compilations from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. Any draft, copy, amendment, alteration, or modification of any document which differs in any respect from the original or final document, whether in words, numbers, punctuation, date, length or format, or by reason of notations, annotations, comments or other markings thereon, or otherwise, is a separate document. Where only part of a document relates to a subject of a request of production of documents, the entire document is requested. When a document is within the scope of a request for production of documents, all amendments, riders, drafts, attachments, exhibits thereto, and all other documents which were ever physically attached to such documents, by any means, are also requested. When an amendment, rider,

attachment or exhibit to a document is within the scope of a request for production of documents, the document, and all other amendments, riders, attachments, exhibits thereto, and all drafts of any of them, are also requested. If a photograph, film, computer disk or tape, video tape, or audio tape, or any part of any of them comes within the scope of a request for production of documents, all other photographs and the rest of the film taken on the same roll of film of such photograph or film, and the entire computer disk or tape, video tape and audio tape are requested, as are any inexact duplicates of any such photograph, film, disk or tape, including, without limitation, all enlargements, enhancements, and the like. Written voice recorded notes, measurements, and dictations for later transcription for review are within the definition of documents in this Request.

(d) <u>Kenneth Schutt</u> also means Kenneth W. Schutt, Jr.

(e) <u>Petition Date</u>: Means June 24, 2016.

(f) <u>Production</u>: And like terms mean to bring documents or other things as requested herein to the place or places and at the dates and times stated in this Motion or later in a notice and then and there to make such documents or things available for copying and inspection by Trustee and Trustee's attorneys.

(g) <u>Relating to/Relates to</u>: Means showing, evidencing or pertaining to.

(h) <u>Request</u>: Means this Document Request and any numbered request for production of documents set forth below, as the context requires.

(i) <u>Any/all, and/or, singular/plural, gender</u>: The singular includes the plural and vice versa. The use of any gender includes the masculine, feminine and neuter genders. The use of the disjunctive "or" includes the conjunctive "and", and vice versa.

**Instructions:**

(a) <u>Possession, Custody or Control</u>: If any document within the scope of this Request are within the possession, custody or control of your agents, employees, attorneys, representatives or any other person over which you have control, or you have a right of possession or production over any documents within the scope of this Request, the Request requires the production of such documents.

(b) <u>Time Period/Supplementation</u>: Unless otherwise indicated, all documents requested herein are for the time period from the time your association with the Debtors began to the present.

(c) <u>Organization of Production</u>: You shall produce the documents requested as they are kept in the usual course of business or produce and label documents produced to correspond with the categories in this Request.

(d) <u>Non-production</u>: If you do not comply completely with any request for production of documents, upon asserted grounds of any privilege or otherwise, you are to provide, in lieu of production, the following with respect to each withheld document:

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

(1) A description of the document, including the author or authors, the addressee, title of the document, the date it was created, its present location and the identity of its custodian, and the subject or subjects of the document;

(2) All grounds upon which production is declined; and

(3) If any privilege is asserted, (i) identify all the privileges claimed and all holders thereof; (ii) set forth all facts necessary or material for the Court to rule upon the assertion of privilege; and (iii) provide a statement identifying all persons who have seen the document, and the positions and capacities of all addressees.

WHEREFORE, the Trustee respectfully requests that this Court enter an order directing Kenneth Schutt to appear for an examination under oath and directing the production of the documents identified in the attached Exhibit "A" within the time period noted in the first paragraph of this motion, and for such other and further relief as may be appropriate.

Respectfully submitted this 31st day of August, 2016.

GUTTILLA MURPHY ANDERSON

/s/ Alisan M. B. Patten
Alisan M. B. Patten
Ryan W. Anderson
Attorneys for the Chapter 7 Trustee

Copy of the foregoing mailed
on August 31, 2016, to:

Dimitri Rozenman
ASPC Tucson, Unit Santa Rita
Inmate #253132 - 2D-4
P.O. Box 24406
Tucson, AZ 85734
Debtor

Kenneth W. Schutt, Jr.
Schutt Law Firm, PLC
9375 E. Shea Blvd., Suite 100
Scottsdale, AZ 85260
Counsel for the Debtor
Statutory Agent for:
Atlantic Cigar, LLC;
TNT Cigars.Com, LLC; and
1040 E. Camelback, LLC

| | |
|---|---|
| 1 | |
| 2 | Viktoriya Anthony<br>4040 E. McDowell Ste. 113 |
| 3 | Phoenix, AZ 85008<br>Statutory Agent for |
| 4 | 2826 E. Baseline, LLC |
| 5 | Howard C. Meyers<br>Meyers Law, PLLC |
| 6 | 111 W. Monroe Street, Suite 1700<br>Phoenix, AZ 85003 |
| 7 | Attorney for Jana Sampson |
| 8 | Office of the United States Trustee<br>230 N. First Ave., Suite 204 |
| 9 | Phoenix, AZ 85003-1706 |
| 10 | /s/ M. Kay Lucas<br>2332-001(255301) |

**Guttilla Murphy Anderson, P.C.**
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

# EXHIBIT "A"

## DOCUMENTS TO BE PRODUCED:

1. Complete copy of any and all Promissory Notes (including any attachments, exhibits and amendments), or any other document, reflecting the indebtedness of Debtor to Kenneth Schutt signed by Debtor within four years immediately preceding June 24, 2016 regarding the debts owed by Debtor to Kenneth Schutt that are reflected in Debtor's bankruptcy Schedule D.

2. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Kenneth Schutt, by Debtor, in any property or any assets of Atlantic Cigars, LLC, or in any interest of Debtor in Atlantic Cigars, LLC.

3. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Kenneth Schutt, by Debtor, in any property or assets of TNT Cigars, LLC, or in any interest of Debtor in TNT Cigars, LLC.

4. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Kenneth Schutt, by Debtor, in any property or assets of TNT Cigars.Com, LLC, or in any interest of Debtor in TNT Cigars, LLC.

5. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Kenneth Schutt, by Debtor, in any property or assets of 1040 E. Camelback, LLC, or in any interest of Debtor in 1040 E. Camelback, LLC.

6. Complete copy of any Pledge (including any attachments, exhibits and amendments), or any other document, reflecting the transfer of any security interest to Kenneth Schutt, by Debtor, in any property or assets of 2826 E. Baseline, LLC, or in any interest of Debtor in 2826 E. Baseline, LLC.

7. Complete copy of any Operating Agreement, including amendments, provided to Kenneth Schutt (in his capacity as a lender to Debtor), by Debtor or any other person, or entity, for Atlantic Cigars, LLC; TNT Cigars, LLC; TNT Cigars.com, LLC; 1040 E. Camelback, LLC; or 2826 E. Baseline, LLC.

8. A complete copy of any and all checks, wire transfers, or any other documents evidencing the transfer of funds by Kenneth Schutt to Debtor, or to any of the following entities: Atlantic Cigars, LLC, and/or TNT Cigars, LLC; TNT Cigars.Com, LLC; 1040 E. Camelback, LLC; or 2826 E. Baseline, LLC, in connection with the secured debts owed to Kenneth Schutt, by Debtor, that are reflected in Debtor's bankruptcy Schedule D.

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

9. A complete copy of all documents including but not limited to, Releases, receipts, acknowledgements, emails, texts, correspondence or any other document reflecting payment to Kenneth Schuttt toward the reduction of indebtedness owed by Debtor in connection with the secured debts owed to Kenneth Schutt that are reflected in Debtor's bankruptcy Schedule D.

10. A complete copy of all documents including, but not limited to, emails, texts, and correspondence, between Debtor and Kenneth Schutt discussing the lending of funds, or any loan of funds, by Kenneth Schutt to Debtor in connection with the secured debts owed to Kenneth Schutt that are reflected in Debtor's bankruptcy Schedule D.

11. A complete copy of any document reflecting the cancellation, or reduction, of any indebtedness owed to Kenneth Schutt, by Debtor, in connection with the secured debts owed to Kenneth Schutt that are reflected in Debtor's bankruptcy Schedule D.

2332-001(255317)

**Guttilla Murphy Anderson, P.C.**
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300